UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINCINNATI INSURANCE COMPANY,

    Plaintiff,

vs.

    Case No:
    Judge

FIRST WATCH RESTAURANTS, INC.,
and KALAMATA IP, LLC,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Cincinnati Insurance Company ("CIC"), by its attorneys Collins Einhorn Farrell PC, and for its complaint for declaratory judgment against defendants First Watch Restaurants, Inc., and Kalamata IP, LLC, states as follows:

### The Parties

1. CIC is an Ohio corporation with its principal place of business in Ohio, and it is a citizen of Ohio.

2. Upon information and belief, First Watch is a Delaware corporation with its principal place of business in Florida.

3. Upon information and belief, Kalamata is a Michigan limited liability company, whose members all reside in Michigan, with its principal place of business in Michigan.

**Jurisdiction and Venue**

4. This is a declaratory judgment action, with jurisdiction based on 28 U.S.C. § 2201 and diversity of citizenship (28 U.S.C. § 1332). The matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and is between citizens of different states.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim took place in this district.

6. This declaratory judgment action pertains to an actual controversy over potential insurance coverage under a commercial insurance policy CIC issued to First Watch, Policy No. CPP0898139 (7/1/12-7/1/13).[1]

7. CIC asks the Court to judicially declare that CIC is not obligated to defend or indemnify First Watch in connection with a lawsuit pending in this Court: *Kalamata IP, LLC v. First Watch Restaurants, Inc.*, Case No.: 2:19-cv-13534-SMJ-MJH (the "underlying action"). CIC attaches a copy of the underlying action complaint as Exhibit 2.

**The Underlying Action**

8. The underlying action asserts claims for trademark infringement and

---

[1] CIC attaches a copy of the Policy Declarations for Policy No. CPP0898139 (7/1/12-7/1/13) as Exhibit 1.

2

unfair competition arising under: the federal Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. §1051 *et seq.*; the statutes of the State of Michigan; and the common law.

9. Kalamata alleges that it operates restaurants in Michigan, and that First Watch operates restaurants nationwide, including in Michigan.

10. Kalamata alleges that it owns the trademarks for the phrases "Power Bowl" and "Greek Power Bowl" for "prepared entrees and salads consisting primarily of processed grains and also featuring vegetables, meat and/or poultry."

11. The underlying action asserts that First Watch is liable for infringing Kalamata's "power bowl" trademark by listing "power bowls" on the First Watch menu at its restaurants and online.

12. By letter dated July 31, 2019, Kalamata demanded that First Watch cease and desist using Kalamata's "power bowl" trademark.

13. First Watch responded by letter dated August 5, 2019, and denied any obligation to stop using the phrase "power bowl".

14. Kalamata filed the underlying action against First Watch on November 27, 2019.

15. The underlying action asks the court to award Kalamata declaratory and injunctive relief, and money damages.

16. By letter dated March 13, 2020, First Watch first notified CIC of

Kalamata's claim and tendered its defense in the underlying action to CIC, under Policy No. CPP0898319 (7/1/12-7/1/13).[2]

## Count for Declaratory Relief

17. CIC incorporates paragraphs 1 through 16 as though fully restated here.

18. The CIC policies, based on all their terms and provisions, do not provide coverage to First Watch for the underlying action and thus, CIC has no duty to defend or indemnify First Watch.

19. The CIC policies potentially apply to "personal and advertising injury" caused by an offense arising out of First Watch's business during the policy period. The policies' commercial general liability coverage form defines "personal and advertising injury" as:

> injury, including consequential "bodily injury", arising out of one or more of the following offenses:
> a. False arrest, detention or imprisonment;
> b. Malicious prosecution;
> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or

---

[2] CIC believes it issued the following policies to First Watch or entities owned, operated, or affiliated with First Watch ("the CIC policies"):
- CPP0898319 (7/1/12-3/1/18)
- EPP0200025 (7/1/12-3/1/18)
- EPP0245970 (1/30/14-7/1/17)
- CPP1080500 (5/29/15-7/1/17)
- CPP1082936 (3/1/18-3/1/20)
- EPP0569941 (3/1/20-3/1/21).

Complete copies of the CIC policies are available upon request.

4

> premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> e. Oral or written publication, in any manner, of material that violates a person's right of privacy;
> f. The use of another's advertising idea in your "advertisement"; or
> g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

The policies' umbrella liability coverage form defines "personal and advertising injury" as:

> injury, including consequential "bodily injury", arising out of one or more of the following offenses:
> a. False arrest, detention or imprisonment;
> b. Malicious prosecution;
> c. Abuse of process;
> d. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
> e. Defamation of character, including oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
> f. Oral or written publication, in any manner, of material that violates a person's right of privacy;
> g. The use of another's advertising idea in your "advertisement";
> h. Infringing upon another's copyright, trade dress or slogan in your "advertisement"; or
> i. Discrimination, unless insurance coverage therefor is prohibited by law or statute.

20. The underlying action does not allege a "personal and advertising

5

injury" offense within the terms of the policies and, therefore, the policies provide no coverage for the underlying action.

21. Additionally, the CIC policies exclude coverage for trademark infringement, pursuant to the "intellectual property" exclusion:

> This insurance does not apply to:
> * * * *
> Infringement of Copyright, Patent, Trademark or Trade Secret
> "Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.
> However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

22. The underlying action alleges only claims arising out of trademark infringement, for which the CIC policies exclude coverage.

23. The CIC policies also contain a "prior publication" exclusion, which bars coverage for injury arising out of a publication of material whose first publication took place before the inception of a policy:

> This insurance does not apply to:
> * * * *
> "Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the later of the following:
> (1) The inception of this Coverage Part; or
> (2) The "coverage term" in which insurance coverage is sought.

24. In January 2013, First Watch publicized its "Quinoa Power Bowl" on RestaurantNews.com and began listing it as a menu item. See Exhibit 3.

25. Accordingly, the "prior publication" exclusion bars coverage for the

underlying action under all CIC policies issued after January 2013.

26. In addition, the CIC policies require First Watch to provide CIC with prompt notice of all occurrences, offenses, claims and suits:

> Duties in the Event of Occurrence, Offense, Claim or Suit
> a. You must see to it that we are notified as soon as practicable of an "occurrence" or a "personal and advertising injury" offense which may result in a claim….
> b. If a claim is made or "suit" is brought against any insured, you must:
> (1) Immediately record the specifics of the claim or "suit" and the date received; and
> (2) Notify us as soon as practicable.
> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
> c. You and any other involved insured must:
> (1) Immediately send us copies of any demands, notices, summonses or legal papers receive in connection with the claim or "suit";

27. Kalamata sent its cease-and-desist letter to First Watch around July 31, 2019; First Watch responded by August 5, 2019. However, First Watch did not notify CIC of a claim or potential claim until March 13, 2020.

28. Because First Watch breached the policies' conditions precedent to coverage, the policies provide no coverage for the underlying action.

29. Additionally, the CIC policies do not provide coverage for the injunctive relief sought against First Watch in the underlying action.

## **Relief Requested**

WHEREFORE, CIC respectfully requests that this Court declare the rights and obligations of these parties under the insurance contracts and determine that CIC does not owe a duty to defend or indemnify in connection with the underlying action; and enter judgment in CIC's favor, together with an award of attorney fees, costs, and such other relief this Court deems just and appropriate.

Respectfully submitted,

COLLINS, EINHORN, FARRELL

*s/ Patrick D. Crandell*
PATRICK D. CRANDELL (P76249)
MARGARET A. CERNAK (P42918)
Attorneys for Plaintiff
4000 Town Center, Suite 909
Southfield, MI 48075-1473
(248) 355-4141

Dated:  May 6, 2020